UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA L. SMITH,

          Plaintiff,

v.                              CASE No. 8:05-CV-193-T-23TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

          Defendant.

_____

REPORT AND RECOMMENDATION

       The plaintiff in this case seeks judicial review of the denial of her

claims for Social Security disability benefits and supplemental security

income payments.[1]  Because the decision of the Commissioner of Social

Security contains a deficient credibility determination, it should be reversed

and the matter remanded for further consideration.

I.

       The plaintiff, who was forty-one years old at the time of the

administrative hearing and who has a high school education, has worked as an

_____

      [1]This matter comes before the undersigned pursuant to the Standing Order of this
court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

esthetician, waitress, bartender, aerobic instructor and cashier (Tr. 57, 77, 83).[2]
She filed claims for Social Security disability benefits and supplemental
security income payments, alleging that she became disabled due to
fibromyalgia, which includes neck pain, pains in both hands with
inflammation, fatigue, flu-like symptoms and headaches (Tr. 56).  The claims
were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing
before an administrative law judge.  The law judge found that the plaintiff has
a severe impairment of fibromyalgia (Tr. 15).  He concluded that this
impairment restricted the plaintiff to lifting, carrying, pushing or pulling
twenty pounds occasionally and ten pounds frequently (Tr. 19).  He said
further that the plaintiff can sit, stand or walk six hours in an eight-hour work
day with a sit/stand option with limitations in occasional climbing, balancing,
stooping, crouching, kneeling and crawling (id.).  He determined, in addition,
that, in light of some anxiety and mild depression, the plaintiff should be
limited to routine and repetitive work (Tr. 18, 21).  Based on the testimony of
a vocational expert, the law judge determined that these limitations did not

_____

[2]The plaintiff testified that she has an esthetician certificate and a nail tech license
(Tr. 385).  She also testified that she did not recall working as a cashier (Tr. 367).

preclude the plaintiff from returning to past work as an esthetician, waitress, bartender and cashier[3] (Tr. 19).  Further, the law judge also decided on the basis of vocational testimony that there were jobs in the national economy that the plaintiff could perform, such as a parking lot cashier, ticket seller and photo processor (id.).  He also indicated that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 20, 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological

---

[3]The law judge noted that the occupation of a cashier "as performed by the claimant ... was medium in exertion" (Tr. 12),  but explained that the plaintiff could work as a cashier as it is "generally performed in the national economy" (Tr. 19), since it is considered light in exertion (Tr. 12).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  In this case, the plaintiff must show that she became disabled before her insured status expired on December 31,1999, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.  There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

-4-

1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff has been diagnosed since about 1995 as suffering from fibromyalgia. Accordingly, the law judge found that the plaintiff's condition constituted a severe impairment. Nevertheless, he concluded that the impairment did not prevent the plaintiff from performing substantially all of the requirements of light work (Tr. 21).

The plaintiff challenges the law judge's decision on four grounds, and three of those are heavily dependent upon the opinions of Dr. Michelle S. Spuza-Milford, a treating rheumatologist. Two opinions of Dr. Spuza-Milford are clearly contrary to the residual functional capacity found by the law judge (Tr. 330-31, 332-37). Unfortunately for the plaintiff, those opinions were not before the law judge, even though one of them appears to be dated several

months before the law judge's decision (Tr. 331). Consequently, those opinions cannot be considered in determining whether the law judge's decision is supported by substantial evidence. <u>Falge</u> v. <u>Apfel</u>, 150 F.3d 1320, 1323 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1124 (1999). Moreover, while evidence that was first submitted to the Appeals Council (as were Dr. Spuza-Milford's opinions) can be the basis for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g) upon a proper showing (<u>id</u>.), no such request for a remand was made (and obviously the required showing was not attempted).[4]

Notably, the law judge stated at the end of the hearing that he did not have a current assessment from a treating doctor (Tr. 388). Accordingly, he said he would request an evaluation from a board certified rheumatologist (<u>id</u>.). That request, however, was not honored, and the plaintiff was sent instead to a general practitioner (to the plaintiff's justifiable chagrin).[5]

---

[4]The plaintiff asserts that a report dated November 2, 2001, from another treating physician, Dr. Edward D. Scanlan, supports the plaintiff's position and was missing from the administrative transcript (Doc. 15-1, p. 4). Accordingly, the plaintiff (inappropriately) submitted the report as an exhibit. The exhibit, however, is not from Dr. Scanlan, but from Dr. Ravneet Sandhu, who is not a treating physician (Doc. 15-2, pp. 12-15). Moreover, Dr. Sandhu's report is in the transcript and was considered by the law judge (Tr. 14).

[5]This is the third case recently where I have seen a law judge make a request for a specific evaluation or test, and the request was not fulfilled by the Social Security Administration. <u>See</u> <u>Spann</u> v. <u>Barnhart</u>, 8:04-CV-2322-T-TGW (Doc. 26, pp. 7-8) ; <u>Hinson</u> v. <u>Barnhart</u>, 8:04-CV-2258-T-TGW (Admin. Trans., p. 15).

Under these circumstances, the medical evidence does not support the plaintiff's first three contentions. Thus, in the absence of any evaluations from a treating physician, including Dr. Spuza-Milford, there is no basis for the argument that the law judge failed to give proper weight to the opinions of treating physicians. Further, in view of the state of the medical evidence, the plaintiff cannot persuasively argue that the law judge erred in finding that her fibromyalgia did not prevent her from returning to prior work, or that the law judge erred in determining the plaintiff's residual functional capacity.

However, the plaintiff's fourth and final argument has merit. In that contention, the plaintiff asserts that the law judge failed to make proper credibility findings with respect to her testimony and that of her father.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that

condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints.  He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).  In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge's recognition that the plaintiff has a severe impairment of fibromyalgia makes the credibility determination more difficult.  In <u>Sarchet</u> v. <u>Chater</u>, 78 F.3d 305, 306 (7th Cir. 1996), the court had the following to say about fibromyalgia:

> Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

Accordingly, the Eleventh Circuit has noted that the hallmark for this impairment is a lack of objective evidence.  <u>Moore</u> v. <u>Barnhart</u>, 405 F.3d 1208, 1212 (11th Cir. 2005).  Therefore, the absence of objective medical findings does not support a determination that the plaintiff does not suffer from pain and other subjective symptoms due to fibromyalgia.

In this case, the law judge essentially based his credibility determination upon the clinical findings (Tr. 17).  This assessment is confirmed by the law judge's statement that, while the plaintiff's father's

"testimony generally supported that of the claimant, the clinical evidence does not" (Tr. 18).  What the law judge should have considered, but apparently did not, were the plaintiff's activities of daily living.   See 20 C.F.R. 404.1529(c)(3)(*i*), 416.929(c)(3)(*i*).  In <u>Moore</u>, the Eleventh Circuit upheld a credibility determination where the law judge "relied on the inconsistencies between [the plaintiff's] descriptions of her diverse daily activities and her claims of infirmity."  405 F.3d at 1212.  In that case, the court distinguished that situation from the circumstance in <u>Stewart</u> v. <u>Apfel</u>, 245 F.3d 793 (11th Cir. 2000)(unpub. dec.), in which a credibility determination of a plaintiff with fibromyalgia was said to be insufficient because it was based upon the lack of objective evidence.[6]

This case is like <u>Stewart</u>, and not like <u>Moore</u>, since the credibility determination was based upon the clinical findings (or lack thereof) and did not consider the plaintiff's daily activities.  Because of this deficiency in the credibility determination, a remand is required.

Finally, it is noted that the credibility determination also contains the following statements (Tr. 17):

---

[6]<u>Stewart</u> was issued in slip opinion form (and I have a copy) and was thereafter said to have been designated for publication in error.

Consideration has been given to the claimant's contentions advanced to the effect that she has to be solitary and frequently lie down for sometimes weeks at a time, which would preclude the claimant from performing any work activity. The undersigned finds no medically reasonable basis for this requirement, and the clinical evidence simply does not show that this is medically necessary. While there have been complaints occasionally advanced of severe fatigue and weakness, especially after mild to moderate physical exertion when she has flare-ups, none of her doctors have ever expressed an opinion that it was medically necessary for her to lie down in bed all day.

These statements are clear exaggerations of the plaintiff's testimony, possibly to make her testimony appear inherently incredible. The plaintiff did not testify that she has to "frequently lie down for sometimes weeks at a time" or that it was "necessary for her to lie down in bed all day" (id.). Rather, she said that she is in bed for two to three hours every afternoon, and that, when her young son is taken on weekends by her parents or ex-husband, she is in bed for three to four hours (Tr. 352, 359). Of course, a claimant does not have to be totally bed-ridden to be entitled to disability benefits.

IV.

For the foregoing reasons, the decision of the Commissioner is flawed due to an inadequate credibility determination.   I, therefore, recommend that the decision be reversed and the matter be remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 16, 2006


## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).